# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACKIE COLTRANE                )
                               )
                   Plaintiff,  )
                               )
                               )
vs.                            )          Case No. 14-2164-JWL-KGG
                               )
CRAWFORD COUNTY BOARD OF       )
COUNTY COMMISSIONERS, *et al.*,  )
                               )
                  Defendants.  )
_____ )

## MEMORANDUM &ORDER
## GRANTING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's "Motion to Compel" (Doc. 53) a deposition

under Federal Rule of Civil Procedure 30(b)(6).  In addition, Plaintiff seeks costs

and expenses, including attorneys' fees, incurred in attempting to resolve this

discovery dispute.  For the reasons set forth below, Plaintiff's "Motion to Compel"

is **GRANTED** while its request for sanctions is **DENIED**.[1]

## BACKGROUND

The present action was filed on April 8, 2014, alleging wrongful

termination, violation of Title VII, and violating the Equal Pay Act. (Doc. 1.)  The

---

[1] Plaintiff also filed a "Motion to Amend the Scheduling Order or, in the Alternative Leave to
Complete Designated Discovery" (Doc. 47), which is now moot because deadlines/hearings will
be reset (Doc. 51) after a ruling on Plaintiff's "Motion to Compel."

Emergency Department of Crawford County Director, Mr. Joey Adams, was previously deposed by Plaintiff under Federal Rule of Civil Procedure 30(b)(1). (Doc. 57, at 3.)  Further, Mr. Adams has also completed interrogatories under Rule 33. (*Id.*)  Plaintiff seeks another deposition under Rule 30(b)(6).  (Doc. 53.) Defendants assert, however, that Mr. Adams is the only employee who they could designate to testify on their behalf and request that Mr. Adams not be required to be deposed a second time.  (*See* Doc. 57, at 9.)

## DISCUSSION

### A.      30(b)(6) Deposition

Plaintiff argues that holding a previous deposition with Mr. Adams under Rule 30(b)(1) does not prohibit them from deposing Mr. Adams under Rule 30(b)(6). (Doc. 54, at 7-8.)  Defendants' argue that another deposition should not be allowed because it would be duplicative and redundant, and Mr. Adams previous testimony (interrogatories and 30(b)(1) deposition) is already binding on their organization.  (Doc. 57, at 2.)

Rule 30(b)(6) states:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make

this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed.R.Civ.P. 30(b)(6).  In *Miller v. Union Pac. R. Co.*, the Court explained:

With respect to a Rule 30(b)(6) deposition, no distinction exists between the designated corporate representative and the corporation. During the Rule 30(b)(6) deposition, the designated corporate representative does not give his or her personal opinion like an individual does, but rather presents the corporation's position on the topic. In other words, the designee testifies on behalf of the corporation and thus holds it accountable. Most importantly, the designated representative's testimony is binding on the corporation. In contrast, the testimony of a corporation's employee, when taken in his or her individual capacity, does not bind the corporation.

2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008).

During a Rule 30(b)(1) deposition the deposed speaks on behalf of himself and not the company.  *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, 2015 WL 3742929, at *8 (D. Kan. June 15, 2015).  Thus, the testimony of a Rule 30(b)(1) deposition is not binding on the corporation.  *See id.*  A Rule 30(b)(6) deposition, however, is binding on the corporation and requires the deposed to be prepped and informed on matters relating to relevant questions of the corporation. *See Cherrington Asia Ltd. v. A & L Underground, Inc.*, 263 F.R.D. 653, 661-62 (D. Kan. 2010).

Furthermore, Courts of this District have consistently held that the same individual may be deposed under Rule 30(b)(1) and again under Rule 30(b)(6)

even on repetitive topics to learn the corporations official position.  *See **Sprint Commc'ns Co., L.P.**,* 2015 WL 3742929, at *8; *see also **In re Motor Fuel Temperature Sales Practices Litig.**,* 2009 WL 5064441, at *2 (D. Kan. Dec. 16, 2009) (stating that "the fact that [the two employees] addressed the noticed topics when testifying in their individual capacities is of no consequence").  Federal Rule of Civil Procedure 26(b)(2)(C)(i), however, disfavors cumulative or duplicative discovery that would unreasonably impose an unduly burden or unreasonably increase the cost of discovery.  *See **Sprint Commc'ns Co., L.P.**,* 2015 WL 3742929, at *3.  This is a balancing question between the benefit of the Rule 30(b)(6) deposition to Plaintiff with the burden another deposition imposes on Defendants.  *See id.*

Here, the Court finds this balancing question to be extremely close.  Although Mr. Adams has completed interrogatories and been deposed under Rule 30(b)(1) on similar topics, the benefit to Plaintiff to bind Defendants to the Rule 30(b)(6) testimony outweighs the burden.  In *Sprint*, the Court specifically found the benefit of a Rule 30(b)(6) deposition outweighed the burden of deposing an employee who previously testified in a Rule 30(b)(1) deposition on the same topics.  *Id.*, at 8-9.  There is currently no binding testimony regarding Defendants' corporate positon on the proposed topics.  Therefore, the Court orders Defendants to designate an individual for a Rule 30(b)(6) deposition regardless of whether this

would require Mr. Adams to be deposed again.  The Rule 30(b)(6) deposition shall occur within **thirty (30) days** of the date of this Order.

**B.      Sanctions**

The memorandum in support of Plaintiff's motion includes a passing reference to a request for an award of "costs and expenses, including attorneys' fees . . . ."  (Doc. 54, at 1, 8.)  Fed.R.Civ.P. 37(a)(5) states that if a motion to compel is granted, "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The rule continues, however, that "the court must not order payment" when the nonmovant's conduct was "substantially justified . . . ."  The Court finds that the issue between the parties was extremely close as discussed earlier.  Further, each side presented valid arguments for their positions. Therefore, sanctions are inappropriate.  This portion of Plaintiff's motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel" a Federal Rule of Civil Procedure 30(b)(6) deposition (Doc. 53), is **GRANTED** while its request for sanctions is **DENIED** as more fully set forth above.  The Rule 30(b)(6) deposition shall occur within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 23rd day of July, 2015.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge